## 8473

### KOOZER v. ELLISON.

1. APPEAL—EXCEPTIONS—EVIDENCE.—Appellant is not in position to except to the admission of evidence, which the record shows was received with the understanding that he would make a motion to strike it out if it was shown to be irrelevant, when no such motion was made.

2. EVIDENCE—HEARSAY.—A party cannot show by hearsay declarations of others that an attempt had been made to force him out of an option.

3. IBID.—APPEAL.—Where appellant does not show that the admission of evidence of profits made by defendant in buying and selling a tract of land was prejudicial to his rights, there is no reversible error.

Before MEMMINGER, J., Oconee, March term, 1912. Affirmed.

Action by J. A. Koozer against C. H. Ellison. Defendant appeals.

*Mr. E. L. Herndon,* for appellant, cites: *Issue of conspiracy is for jury:* 85 S. C. 278; 6 Ency. 864, 865. *All facts and circumstances relating to the conspiracy are competent:* 6 Ency. 868; 1 Green., secs. 111, 233.

*Mr. J. R. Earle,* contra.

March 18, 1913. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. This is an action for compensation, alleged to be due the plaintiff, under a contract for services rendered by him for the defendant, in the sale of certain timber lands.

The jury rendered a verdict in favor of the plaintiff for $1,233.20, and the defendant appealed upon exceptions, the first of which is as follows:

"For that it was error, on the part of the Circuit Judge, to hold and rule in reference to the evidence of J. P. Mulherin, 'it looks to me that it is all perfectly irrelevant—the correspondence between this other party and the lawyer.' It is perfectly irrelevant; in that the said testimony were the declarations of the coconspirator, made to the attorney for the defendant, and competent and relevant against the plaintiff."

After the defendant's attorney had introduced in evidence, certain correspondence between himself and the plaintiff's witness, also between the witness and the plaintiff, the record shows that the following took place:

Mr. Earle: "I have no objections to this, but I don't think this correspondence has any bearing on the issues. We will go on and read it, and ask your Honor to rule it out.

The Court: "It looks to me that it is all perfectly irrelevant—the correspondence between this other party and the lawyer. It is perfectly irrelevant.

Mr. Earle: "Now, the same objections as to that, your Honor. This is the correspondence between Mr. Ellison and Mr. Mulherin. It has nothing to do with the case. We will just read it all, and ask your Honor to strike out part of it.

Mr. Earle: "The same objection as to that. Mr. Mulherin is merely writing a letter to Mr. Ellison here—merely explaining a telegram.

Mr. Stribling: "We reserve our right to object to it, if it is shown to be irrelevant."

It does not appear that the testimony was then read, for the purpose of striking out the part, to which the plaintiff's attorneys made objections, but it seemed to be understood, that this could be done at a later stage of the trial, for another of the plaintiff's attorneys said: "We reserve our right to object to it, if it is shown to be irrelevant." The objection to the testimony was not thereafter renewed; nor was the testimony struck out. The defendant's attorneys

seemingly acquiesced in the course which was suggested in regard to the testimony.

As the defendant had the benefit of this testimony before the jury he is not in a position to raise this question.

The second exception is as follows: "For that it was error on the part of the Circuit Judge, to refuse to allow the defendant to testify, that there was an attempt by the plaintiff and his coconspirator, John P. Mulherin, to force the defendant out on the option in question, and to refuse to allow defendant to testify, as to conversations and transaction between the defendant and the said John P. Mulherin, in regard thereto."

During the examination of the defendant, the record shows that the following took place: "You can tell any conversation you had with Mr. Koozer about the matter? I didn't see Mr. Koozer on that trip. Did you go there any other time? Why, I went several other times, but heard that Mr. Koozer was out in the woods. You didn't finish telling about your option expiring on the 18th. What did you have to do then, if anything? Well, Mr. Mulherin returned my check on the 20th—

"(Objected to by Mr. Earle: That has got no relevancy.)

Court: "He can testify to the fact, that the check was returned.

Mr. Herndon: "I think he could testify, that there was an attempt to force him out on that option there, at that time.

Court: "If he can prove that by competent evidence, but not by hearsay declarations by other parties."

We see no error on the part of his Honor, the presiding Judge, in ruling, that the defendant could not prove the fact, which he was attempting to establish, "by hearsay declarations of other parties."

The third exception is as follows: "For that it was error on the part of the Circuit Judge over the objection of defendant's counsel, to require the defendant to testify how

much defendant received for the land involved in the contract, and the amount of the profits on the sale of the land, and as to the amount defendant paid for the land, in that the said testimony was irrelevant, confusing to the jury, and prejudicial to the defendant."

Conceding that the testimony was irrelevant, it has not been made to appear, that it was prejudicial to the rights of the appellant.

Appeal dismissed.

MR. JUSTICE FRASER. I concur in the result, for the reason that there was only one issue, *i. e.*, conspiracy. The profits of defendant could not affect that issue.